IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELIZABETH H.,[1] | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 21 C 3873 ) ) Magistrate Judge |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security,[2] | ) Maria Valdez ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Elizabeth H.'s claim for Supplemental Security Income ("SSI"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion to reverse or remand the Commissioner's decision [Doc. No. 16] is granted in part and denied in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 17] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by her first name and the first initial of her last name.

[2] Kilolo Kijakazi has been substituted for her predecessor pursuant to Federal Rule of Civil Procedure 25(d).

## BACKGROUND

### I. PROCEDURAL HISTORY

On December 27, 2018, Plaintiff filed a claim for SSI, alleging disability since December 1, 2010. The claim was denied initially and upon reconsideration, after which she timely requested a hearing before an Administrative Law Judge ("ALJ"). A telephonic hearing was held on December 7, 2020, and all participants attended the hearing by telephone. Plaintiff appeared and testified at the hearing and was represented by counsel. A vocational expert ("VE") also testified.

On February 26, 2021, the ALJ denied Plaintiff's claim for benefits, finding her not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

### II. ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since the application date of December 27, 2018. At step two, the ALJ concluded that Plaintiff had the following severe impairments: degenerative joint disease of the bilateral knees, ankles, and shoulders, status-post multiple surgeries; degenerative disc disease; migraines; obesity; anxiety disorder;

2

depressive disorder; post-traumatic stress disorder; agoraphobia; borderline personal disorder; and adjustment disorder. The ALJ concluded at step three that Plaintiff's impairments, alone or in combination, do not meet or medically equal any listed impairments.

Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work with the following additional limitations: can occasionally push and pull with her lower extremities; can frequently climb ramps and stairs; can never climb ladders, ropes, or scaffolds; can occasionally kneel; can frequently crouch; can occasionally crawl; should avoid concentrated exposure to extreme cold, vibration, and workplace hazards, including unprotected heights, moving mechanical parts, and operating motor vehicles; can carry out simple instructions, tolerate occasional changes in a routine work setting, have occasional interactions with supervisors and co-workers, and have no interaction with the public. At step four, the ALJ concluded that Plaintiff has no past relevant work. At step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff can perform jobs existing in significant numbers in the national economy, leading to a finding that she has not been under a disability under the Social Security Act since the application date of December 27, 2018.

## DISCUSSION

I.   **ALJ LEGAL STANDARD**

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform her former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

4

## II.     JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

5

However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with record evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a plaintiff, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

**III. ANALYSIS**

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ improperly undermined Plaintiff's subjective statements; (2) the ALJ rendered an inadequate mental RFC assessment; and (3) the ALJ improperly dismissed the opinion of Plaintiff's treating pain specialist.

In advancing her second argument, Plaintiff contends, *inter alia*, that the ALJ failed to properly address her anxiety-related conditions. (Pl.'s Memo. at 11-12.) As stated above, the ALJ determined that Plaintiff's post-traumatic stress disorder (PTSD) constituted a severe impairment. (R. 17.) Pertinent to that topic, the ALJ noted that Plaintiff has "a history of having been assaulted and stalked" and "was sexually assaulted and held at gunpoint." (*Id.* at 25-26.) The ALJ also noted Plaintiff's allegations that she was "extremely panicky" at times and "she gets flashbacks, is hypervigilant when around people, and is better when she is away from other people." (*Id.* at 22, 26.) The ALJ further noted that in July 2019 Plaintiff "went to the emergency department for attempted suicide." (*Id.* at 26.) With respect to PTSD in particular, the ALJ only made reference to the condition twice, noting that "[t]he consultative examiner included posttraumatic stress disorder" as a diagnosis and "[i]n March 2019 the claimant said that counseling had helped with her posttraumatic stress disorder." (*Id.*) With respect to Plaintiff's "social interaction symptoms" in general, the ALJ stated that such symptoms were accounted for because "the residual functional capacity includes that she can have

7

occasional interaction with supervisors and co-workers, and no interaction with the public." (*Id.*)

The Court finds that the ALJ erred by failing to explicitly assess Plaintiff's PTSD in a fulsome manner. *See Lewandowski v. Colvin*, No. 16 C 9317, 2017 U.S. Dist. LEXIS 107311, at *20-21 (N.D. Ill. July 11, 2017) (finding error where ALJ failed to address claimant's PTSD diagnosis). In light of Plaintiff's diagnosis of PTSD, which the ALJ recognized, it was incumbent on the ALJ to specifically explain the severity of the condition, which she did not do. *See Nadira F. v. Saul*, No. 19-cv-6517, 2020 U.S. Dist. LEXIS 199688, at *6 (N.D. Ill. Oct. 27, 2020). The Court finds that the ALJ's conclusory statement that Plaintiff's anxiety-related conditions were accommodated by limited interactions with others falls short of what is required. The ALJ's reference to Plaintiff's PTSD being "helped" also falls short, as it remains unclear the extent to which Plaintiff experienced any improvement. Ultimately, the ALJ's failure to adequately evaluate Plaintiff's PTSD requires that this matter be remanded. *See Derry v. Berryhill*, 756 F. App'x 619, 624 (7th Cir. 2019) (finding remand necessary where "[t]he ALJ did not account for objective observations confirming the severity and persistence of [claimant's] depression, PTSD, and military sexual trauma"); *Nadira F.*, 2020 U.S. Dist. LEXIS 199688 at *8 ("[R]emand is necessary for the ALJ to properly consider Plaintiff's PTSD diagnosis.").

8

The other argument the Court will address is Plaintiff's contention that the ALJ improperly discounted her alleged physical symptoms based on her activities of daily living. (Pl.'s Memo. at 9-10.) In her decision, the ALJ noted Plaintiff's allegations that she has significant difficulties with lifting, squatting, bending, kneeling, and stair climbing. (R. 22.) However, the ALJ found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [her] symptoms are not entirely consistent with the medical evidence and other evidence in the record." (*Id.*) In analyzing Plaintiff's daily activities in relation to that finding, the ALJ stated that Plaintiff "spent her time sitting in her house, doing light chores, helping her father with his volunteer paperwork, doing physical therapy, and spending most of her time reading." (*Id.* at 24.) The ALJ then concluded, without specific elaboration, that these activities constituted "strong evidence that the claimant retains significant abilities in spite of her limitations." (*Id.* at 25.) Plaintiff argues that the ALJ failed to sufficiently explain why her daily activities undermined her alleged physical limitations. The Court agrees.

With respect to an ALJ's assessment of a claimant's alleged symptoms, this Court gives "the ALJ's credibility finding special deference and will overturn it only if it is patently wrong." *Summers v. Berryhill*, 864 F.3d 523, 528 (7th Cir. 2017) (internal quotations and citation omitted). However, as to daily activities, the ALJ must "explain the 'inconsistencies' between [a claimant's] activities of daily living . . . complaints of pain, and the medical evidence." *Charles B. v. Saul*, No. 19 C 1980, 2020 WL 6134986, at *12 (N.D. Ill. Oct. 19, 2020) (citation omitted). *See also Rainey*

9

*v. Berryhill*, 731 F. App'x 519, 522 (7th Cir. 2018) ("While an ALJ may consider daily activities when assessing the claimant's credibility, the ALJ must also explain how the claimant's activities are inconsistent with medical evidence.") (citations omitted). Put differently, the ALJ must "adequately explain how Plaintiff's ability to perform his daily activities undermined his allegations of disability." *Steven L. v. Saul*, No. 19-CV-6047, 2021 WL 1531603, at *2 (N.D. Ill. Apr. 19, 2021). A level of specificity is required, and the ALJ must explain why a claimant's "daily activities are inconsistent with his specific symptom allegations." *Donte A. R. v. Saul*, No. 19 C 2363, 2020 WL 7241066, at *8 (N.D. Ill. Dec. 9, 2020) (citations omitted).

Under this legal framework, the Court agrees with Plaintiff that the ALJ's credibility determination vis-à-vis Plaintiff's activities of daily living was insufficiently supported. The ALJ did not adequately explain how, for instance, Plaintiff doing light chores and paperwork contradicts her allegations of difficulties with lifting and climbing stairs. *See Charles B.*, 2020 WL 6134986 at *12 ("The ALJ here did not explain how Charles's having custody of his kids, feeding his dog, shopping for groceries, or talking to others daily was inconsistent with his claims of having severe chest pain, swelling and pain in his left leg, and depression."). And, indeed, Plaintiff's mostly-sedentary daily activities are in fact consistent with her alleged physical limitations. It was insufficient for the ALJ to merely state in conclusory terms that Plaintiff's daily activities constituted "strong evidence" contradicting Plaintiff's allegations. *See Villano v. Astrue*, 556 F.3d 558, 562 (7th Cir. 2009) ("Although [the ALJ] briefly described Villano's testimony about her daily

10

activities, he did not, for example, explain whether Villano's activities were consistent or inconsistent with the pain and limitations she claimed."). The inadequacy of the ALJ's physical symptom analysis is another error that requires that this matter be remanded. *See Steven L.*, 2021 WL 1531603 at *4 ("On remand, the ALJ should more fully analyze Plaintiff's activities of daily living and whether they are in fact inconsistent with his disability claim, taking care to explain how his daily activities truly (or not) equates to the ability to perform work at a level necessary for competitive employment."); *Pearline P. v. Saul*, No. 17 C 8996, 2020 WL 370187, at *8 (N.D. Ill. Jan. 22, 2020) ("On remand, the ALJ should . . . provide a sufficient explanation about how his assessment of Claimant's activities of daily living inform his ultimate decision as to what level of work, if any, Claimant is capable of performing.").

      Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found. Indeed, the Court admonishes the Commissioner that, on remand, special care should be taken to ensure that Plaintiff's subjective symptoms are properly considered, the mental RFC assessment is appropriately derived, and the medical opinion evidence is properly evaluated.

11

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion to reverse or remand the Commissioner's decision [Doc. No. 16] is granted in part and denied in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 17] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**             **ENTERED:**

**DATE:**     **October 14, 2022**

                                               **HON. MARIA VALDEZ**
                                               **United States Magistrate Judge**